**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Kerri Kenyon, Marques Kennedy, and LeVaughn
Blanding, Jr., Respondents.

In the interest of minors under the age of eighteen.

Appellate Case No. 2020-000939

———————

Appeal From Clarendon County
James A. Spruill, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-123
Submitted April 9, 2021 – Filed April 16, 2021

———————

**REVERSED AND REMANDED**

———————

William Evan Reynolds, of Kingstree, for Appellant.

Eleazer R. Carter, of The Carter Law Firm, of Manning,
for Respondent Marques Kennedy.

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Respondent Kerri
Kenyon.

William T. Geddings, Jr., of Geddings Law Firm, PA, of Manning, for the Guardian ad Litem.

_____

**PER CURIAM:**  South Carolina Department of Social Services (DSS) appeals the family court's order denying termination of parental rights (TPR) for Kerri Kenyon (Mother), Marques Kennedy, and LeVaughn Blanding (collectively, Parents).[1]  On appeal, DSS argues it proved by clear and convincing evidence Parents (1) failed to remedy the conditions causing removal, (2) had diagnosable conditions unlikely to change within a reasonable time, (3) harmed the children, and due to the severity or repetition of the harm, it was not reasonably likely Mother's home could be made safe, and (4) willfully failed to support the children.  Additionally, DSS contends TPR is in Children's best interest.  Because the family court decided this case on an improper basis, we reverse and remand.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest.  S.C. Code Ann. § 63-7-2570 (Supp. 2020). "The interests of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).  "In a [TPR] case, the best interests of the children are the paramount consideration."  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."  *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013).

During the TPR hearing, DSS's case focused primarily on evidence of Mother's prior drug use.  DSS argued Mother relapsed at least four times between 2017 and the TPR hearing.  According to DSS, Mother's relapses indicated she could not maintain sobriety long-term.  On the other hand, Mother asserted she attended drug treatment at Clarendon Behavioral Health Center and averred she could provide a drug-free home for the children.  Although Mother acknowledged her addiction, she nonetheless maintained she could achieve sobriety on a long-term basis.

_____

[1] This action concerned four children.  Kennedy is the father of two of the children, and Blanding is the father of the other two.

In its final order, the family court denied TPR because it believed Mother was capable of achieving and maintaining sobriety. The family court acknowledged Mother tested positive for methamphetamine in January 2020, just two months before the TPR hearing. However, the court found DSS failed to meet its burden of proof on any of the grounds, noting Mother's counselor testified "relapse was normal and an expected part of recovery from an addiction to methamphetamine," and Mother's "treatment was going well." The court acknowledged Mother "badly needs in-patient alcohol and drug abuse treatment," Mother was detained on a bench warrant for failing to submit to a drug test requested by drug court, and "the reason for keeping [Mother] in jail is because she needs this in-patient treatment." The court "conclude[d] that if DSS and the Drug Court think [Mother] needs in-patient treatment, then that must mean that they think that she can overcome her methamphetamine addiction." In finding TPR was not in the children's best interest, the family court found Mother testified she loved her children. Notably, the court stated, "The Court is reluctant to terminate [Mother's] parental rights because her minor children are her incentive to keep striving for sobriety. If her incentive is taken away, then [Mother] may never overcome her methamphetamine addiction." As to Kennedy and Blanding, the family court ruled "if there [was] no [TPR] of [Mother] then it [was] unnecessary to terminate the parental rights of the fathers."

We find the family court erred in not adequately analyzing the statutory grounds. Although the family court generally found DSS failed to meet its burden of proof, it did not cite to section 63-7-2570 or analyze these facts using the statutory framework. Nothing in the order indicates the family court considered whether Mother willfully failed to support her children. Additionally, nothing in the order indicates the family court considered any of the statutory grounds as to Kennedy or Blanding.

We also find the family court improperly focused on Mother's best interest as its paramount concern in denying TPR. As this court explained in *Smith*, "the best interests of the children are the paramount consideration" in a TPR action. 343 S.C. at 133, 538 S.E.2d at 287; *see also* § 63-7-2620 ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). Here, the family court focused on its belief that reunification would help Mother maintain sobriety, which was error. Instead, the family court must view the best interest of Children as the paramount consideration in determining whether TPR is

appropriate.  Thus, we reverse the family court's order denying TPR and remand to the family court for a new TPR hearing.[2]

At the hearing, the parties and the guardian ad litem may update the family court on what has occurred since the TPR hearing.  The family court shall then review the evidence using the statutory framework of section 63-7-2570 to determine if a statutory ground is met.  Thereafter, the family court shall consider—from the perspective of the children—whether TPR is in their best interest.

**REVERSED AND REMANDED.**[3]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] Although this court can make its own findings of fact under a de novo review, the circumstances surrounding the children's best interest may have changed while this appeal was pending.  We make no finding as to whether DSS proved a statutory ground by clear and convincing evidence.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.